## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| 540 WEST 21ST STREET HOLDINGS LLC,[1] | ) | |
| | ) | Case No. 23-11053 (MFW) |
| Debtor. | ) | |
| | ) | **Hearing Date: October 17, 2023 at 10:30 a.m. (ET)** |
| | ) | **Objection Deadline: At the hearing.** |
| | ) | |

## DEBTOR'S MOTION FOR ORDER (I) APPROVING ADEQUACY OF DISCLOSURES IN SECOND AMENDED COMBINED DISCLOSURE STATEMENT AND PLAN ON INTERIM BASIS, (II) SCHEDULING CONFIRMATION HEARING AND OBJECTION DEADLINE, (III) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES, (IV) APPROVING FORM OF BALLOT AND SOLICITATION PACKAGE, AND (V) APPROVING NOTICE

540 West 21st Street Holdings LLC (the "***Debtor***") files this Motion (the "***Motion***"), for

entry of an order (the "***Interim Approval and Procedures Order***"), substantially in the form

attached hereto as <u>Exhibit A</u>, pursuant to sections 105(a), 1125, 1126, and 1128 of title 11 of the

United States Code (the "***Bankruptcy Code***");[2] Rules 2002, 3003, 3017, 3018, 3020, and 9006 of

the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"); and Rules 3017-1 and

3017-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "***Local Rules***"): (a) approving the disclosures in the *Second*

*Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of 540 West 21st*

*Street Holdings LLC* (as may be amended, supplemented, or otherwise modified from time to time,

the "***Combined Disclosure Statement and Plan***"),[3] a copy of which is attached hereto as <u>Exhibit</u>

---

[1]    The Debtor is the following entity (the last four digits of its taxpayer identification number follows in parentheses): 540 West 21st Street Holdings LLC (1133).  The Debtor's noticing address in this Chapter 11 case is c/o Bryan Cave Leighton Paisner LLP, Attn: Andrew E. Auerbach, 1290 Avenue of the Americas, New York, NY 10104-3300.

[2]    Uses of sections shall refer to the Bankruptcy Code unless otherwise specified herein.

[3]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Combined Disclosure Statement and Plan.

B, on an interim basis for solicitation purposes only; (b) scheduling a combined hearing (the "*Combined Hearing*") on final approval and confirmation of the Combined Disclosure Statement and Plan; (c) approving the form and manner of notice of the combined hearing (the "*Confirmation Hearing Notice*"); (d) establishing procedures for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan, including, among other things, approval of (i) the form of ballots (the "*Ballots*") for submitting votes on the Combined Disclosure Statement and Plan, (ii) the deadline for submission of such ballots, (iii) the proposed solicitation packages to be distributed to creditors for solicitation of votes on the Combined Disclosure Statement and Plan (the "*Solicitation Packages*"); and (e) approving certain additional procedures associated with the Confirmation Process. In support of the Motion, the Debtor, by and through its undersigned counsel, respectfully represent as follows:

## PRELIMINARY STATEMENT

The Combined Disclosure Statement and Plan reflects and implements a consensual sale of the Debtor's only significant asset, a parcel of real estate, reached after months of negotiations between and among the Debtor, its senior secured creditor, unsecured creditors and other parties in interest (the "*Sale Process*"). Under the Sale Process, the proceeds of the sale of the Debtor's real property are required to be distributed pursuant to a plan of liquidation. The Combined Disclosure Statement and Plan implements the Sale Process.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Under Local Rule 9013-1(f), the Debtor consents to entry of a final order under Article III

of the United States Constitution. Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.   The statutory predicates for the relief requested herein are Sections 105(a), 1123, 1124, 1125, 1126, and 1128; Bankruptcy Rules 2002, 3003, 3017, 3018, 3020, and 9006; and Local Rules 3017-1 and 3017-2.

## BACKGROUND

### A.   GENERAL BACKGROUND.

3.   On August 2, 2023 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "***Court***"), thereby commencing this case (the "***Chapter 11 Case***").

4.   On August 22, 2023, the Debtor filed its *Motion for Order (I) Approving Adequacy of Disclosures in Combined Disclosure Statement and Plan on Interim Basis, (II) Scheduling Confirmation Hearing and Objection Deadline, (III) Establishing Procedures for Solicitation and Tabulation of Votes on Shortened Notice, (IV) Approving Form of Ballot and Solicitation Package, and (V) Approving Notice* (the "***Initial Approval Motion***").

5.   On August 31, 2023, the United States Trustee filed its *Reservation of Rights and Limited Objection* to the Initial Approval Motion [D.I. 72].

6.   On September 8, 2023, the Debtor filed its *First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of 540 West 21st Street Holdings LLC* (the "***First Amended Combined Disclosure Statement and Plan***") [D.I. 90].

7.   On September 8, 2023, this Court entered its *Order (I) Conditionally Approving First Amended Combined Disclosure Statement and Plan for Solicitation Purposes Only on Shortened Notice, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject*

*First Amended Combined Disclosure Statement and Plan and Opt-In to Releases, (III) Approving the Form of Ballot, Opt-In Form and Solicitation Materials, (IV) Establishing Voting Record Date, (V) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto, and (VI) Approving Related Shortened Notice Procedures* (the "**Initial Interim Approval Order**") [D.I. 96], thereby providing, among other things, conditional approval of the First Amended Combined Disclosure Statement and Plan for solicitation purposes and approval certain procedures and the forms of certain documents more fully set forth therein and in the Initial Approval Motion.*

8.   On September 21, 2023, the United States Trustee filed its omnibus objection to, among other things, the First Amended Combined Disclosure Statement and Plan [D.I. 105].

9.   On September 25, 2023, the Debtor's claims agent, Stretto, filed a *Certification of Ballots* [D.I. 109], indicating that all impaired classes eligible to vote had voted to accepted the First Amended Combined Disclosure Statement and Plan. Stretto filed an amended certification on September 26, 2023.

10.  On September 28, 2023, this Court held a hearing on, among other things, the adequacy of the disclosures in, and to set a schedule on confirmation of, the First Amended Combined Disclosure Statement and Plan.

11.  The Debtor is authorized to continue to operate its businesses and manage its properties as debtor in possession pursuant to Sections 1107(a) and 1108.

12.  Additional factual background regarding the Debtor, including its business operations, its capital and debt structure and the events leading to the filing of this Chapter 11 Case, is set forth in the *Declaration of Tomer Jacob in Support of First Day Motions and Related Relief* (the "**First Day Declaration**") [D.I. 2] and in the *Declaration of Tomer Jacob in Support of*

*Confirmation of the First Amended Combined Disclosure Statement and Plan* (the "**Confirmation Declaration**") [D.I. 111], which are incorporated by reference.

13.     No Committee, trustee, or examiner has been appointed in this Case.

**B.     THE CLAIMS BAR DATE.**

14.     On August 22, 2023, the Debtor filed its *Motion for an Order (I) Establishing Bar Dates for Filing Proofs of Claim, and (II) Approving the Form and Manner of Notice Thereof* (the "**Bar Date Motion**"), which sought the entry of an order setting a Claims Bar Date (the "**Bar Date Order**").

15.     On August 31, 2023, this Court entered the Bar Date Order. Among other things, the Bar Date Order established certain dates by which Proofs of Claim against the Debtor must be submitted (collectively, the "**Bar Dates**"). On August 31, 2023, the Debtor filed its *Notice of Bar Dates for Filing Proof of Claim*, providing notice of the entry of the Bar Date Order and the Bar Dates.

16.     On October 5, 2023, the Debtor filed amendments to its schedules of assets and liabilities, adding certain creditors and investors of the Debtor and/or its direct and indirect parent entities. Pursuant to the Bar Date Order, this extended the Bar Date for those each such added party to twenty-one (21) days after such party received written notice of such amended schedule. Such parties received written notice on October 6, 2023, extending their Bar Date to October 27, 2023.

**C.     THE COMBINED DISCLOSURE STATEMENT AND PLAN.**

17.     The Combined Disclosure Statement and Plan is a liquidating chapter 11 plan that implements the Sale Process, including the distribution of the proceeds of sale to satisfy the Debtor's creditors.

18.     The Combined Disclosure Statement and Plan also contains various other usual and customary Chapter 11 provisions, including a mechanism for the payment of various estate administrative expenses.

19.     The Debtor seeks a combined hearing on the Combined Disclosure Statement and Plan in accordance with Local Rule 3017-2.  The Debtor believes that the proposed Combined Disclosure Statement and Plan provides the most efficient means to maximize the value of the Debtor's estate and make distributions to Creditors.

## PROVISIONS TO BE HIGHLIGHTED

20.     Local Rule 3017-2(c)(ii) requires certain provisions be highlighted as follows:

| | |
|---|---|
| Consensual releases/injunctions with respect to claims creditors may hold against non-debtor parties<br><br>Local Rule 3017-2(c)(ii)(A) | Article XI.IV contains certain third-party releases. |
| Releases of any claims the debtor may have against non-debtor parties who are insiders of the debtor<br><br>Local Rule 3017-2(c)(ii)(B) | Article XI.III contains the Release by the Debtor. |
| Exemption under Section 1146<br><br>Local Rule 3017-2(c)(ii)(C) | Article XI.VIII contains an exemption from certain transfer taxes and recording fees. Article XII provides that the Court shall retain jurisdiction to hear matters related to Section 1146. |

## RELIEF REQUESTED

21.     The Debtor submits this Motion in connection with the proposed Combined Disclosure Statement and Plan.  The Debtor seeks, among other things, entry of the Interim Approval and Procedures Order, granting the following relief: (a) interim approval of the Combined Disclosure Statement and Plan for solicitation purposes only on limited notice; (b) establishing the Solicitation Procedures and the Tabulation Procedures to accept or reject the

Combined Disclosure Statement and Plan; (c) approving the form of Ballots; (d) approving the Solicitation Packages; (e) establishing a Voting Record Date; (f) fixing the date, time, and place for the Combined Hearing and deadline for filing objections thereto; and (g) approving the related notice provisions.

22.    Below is a table highlighting the proposed dates in connection with the relief sought herein.  The proposed dates for upcoming hearings includes the dates requested from the Court in this Motion, and are subject to the Court's availability:

| DESCRIPTION | DEADLINE |
|---|---|
| Voting Procedures Hearing Objection Deadline | October 13, 2023 at 4:00 p.m. (ET) |
| Voting Procedures and Interim Disclosure Statement Hearing | October 17, 2023 at 10:30 a.m. (ET) |
| Voting Record Date | The date of entry of the Interim Approval and Procedures Order |
| Solicitation Commencement Date | Within two (2) business days after entry of the Interim Approval and Procedures Order |
| Deadline for Creditors to File Rule 3018 Motions | October 27, 2023 at 4:00 p.m. (ET) |
| Deadline for Debtor to Respond to Rule 3018 Motions | November 3, 2023 at 4:00 p.m. (ET) |
| Hearing on Rule 3018 Motions | November 15, 2023 at 10:30 a.m. (ET) |
| Voting Deadline for the Combined Disclosure Statement and Plan | November 15, 2023 at 4:00 p.m. (ET) |
| Combined Disclosure Statement and Plan Objection Deadline | November 15, 2023 at 4:00 p.m. (ET) |
| Deadline to File Confirmation Brief and Other Evidence Supporting the Combined Disclosure Statement and Plan | November 17, 2023 at 4:00 p.m. (ET) |
| Deadline to File Voting Tabulation Affidavit | November 17, 2023 at 4:00 p.m. (ET) |
| Combined Hearing | November 20, 2023 at 11:00 a.m. (ET) |

23.    Additionally, attached to the Interim Approval and Procedures Order are a number of exhibits including:

| Exhibit 1 | Form of Ballot |
|---|---|

| Exhibit 2 | Confirmation Hearing Notice |
|-----------|----------------------------|
| Exhibit 3 | Publication Notice |

## BASIS FOR RELIEF

A.  **COMBINED DISCLOSURE STATEMENT AND PLAN.**

24.  Local Rule 3017-2 sets forth various non-exclusive situations in which it is appropriate to combine a plan and disclosure statement.

25.  One such situation, set forth in Local Rule 3017-2(a)(ii), is where: (a) the debtor(s), in the aggregate, have fewer than fifty general unsecured creditors; (b) the proposed plan does not seek non-consensual releases/injunctions with respect to claims creditors may hold against non-debtor parties; and (c) the debtor(s) have are not public companies (or classes of interest in a public-company-debtor are unimpaired.

26.  Here, the Debtor proposed proposes to proceed under Local Rule 3017-2(a)(ii) as it satisfies all three conditions thereunder:

(a)  As set forth in the Debtor's *List of Creditors* [D.I. 6], the Debtor has fewer than fifty unsecured creditors.

(b)  The Combined Disclosure Statement and Plan does not seek non-consensual releases with respect to claims creditors may hold against non-debtor parties.

(c)  The Debtor is not a public company.

27.  Another situation, set forth in Local Rule 3017-2(a)(iv), is where: (a) substantially all of the debtor's assets will be liquidated; (b) the plan of liquidation complies with Section 1129(a)(9); (c) the plan of liquidation does not seek non-consensual releases/injunctions with respect to claims creditors may hold against non-debtor parties; and (d) the debtor's combined assets are worth less than $25 million.

4894-3315-1109, v. 1

28.     Alternatively, the Debtor proposes to proceed under Local Rule 3017-2(a)(iv) as it satisfies three of the conditions thereunder and purpose of the fourth condition would be served by allowing the Debtor to proceed under Local Rule 3017-2 in this case:

(a)     The Debtor's sole asset, its real property, will be liquidated through the transaction provided for in the Plan.

(b)     The Combined Disclosure Statement and Plan complies with Section 1129(a)(9).

(c)     The Combined Disclosure Statement and Plan does not seek non-consensual releases with respect to claims creditors may hold against non-debtor parties.

(d)     While the Debtor's combined assets for distribution under the Combined Disclosure Statement and Plan are not less than the $25 million threshold, the Debtor has a single asset worth approx. $95 million which is more easily and efficiently liquidated under the streamlined provisions of Local Rule 3017-2.

29.     For the avoidance of doubt, the Initial Approval Motion asserted that situations existed to allow the Debtor to proceed pursuant to Local Rule 3017-2, and this Court authorized the same through its Initial Interim Approval Order. The factors set forth above continue to apply to the Combined Disclosure Statement and Plan to an extent comparable to that in the First Amended Combined Disclosure Statement and Plan.

## B.     INTERIM APPROVAL OF THE DISCLOSURE STATEMENT IS APPROPRIATE.

30.     Section 1125 requires that disclosure statements be approved by the Court as having contained "adequate information." 11 U.S.C. § 1125(b). The Bankruptcy Code defines "Adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed

4894-3315-1109, v. 1

> plan and in determining whether a disclosure statement provides
> adequate information, the court shall consider the complexity of the
> case, the benefit of additional information to creditors and other
> parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a). Therefore, the Debtor's Combined Disclosure Statement and Plan must, as

a whole, provide information which is reasonably practicable to permit an informed judgment by

impaired creditors entitled to vote. *See Krystal-Cadillac-Oldsmobile GMC Truck v. Gen. Motors

Corp.*, 337 F.3d 314, 322 (3d Cir. 2003). The Combined Disclosure Statement and Plan "must

clearly and succinctly inform the average creditor what it is going to get, when it is going to get it,

and what contingencies there are to getting its distribution." *In re Fevretti*, 128 B.R. 16, 19 (Bankr.

D.N.H. 1991).

31. When evaluating whether a disclosure statement contains "adequate information,"

Bankruptcy Courts adhere to Section 1125's instruction that making this determination is a flexible

exercise based upon the facts and circumstances of each case. *Oneida Motor Freight, Inc. v. United

Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern

that adequate information will be determined by the facts and circumstances of each case."); *First

Am. Bank of N.Y. v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy

of disclosure for a particular debtor will be determined based on how much information is available

from outside sources); S. Rep. No. 95-989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787,

5907 ("[T]he information required will necessarily be governed by the circumstances of the

case."). *See also In re Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362

(3d Cir. 1996); *In re Autobacs Strauss, Inc.*, 473 B.R. 525, 584 (Bankr. D. Del. 2012).

32. Here, the Combined Disclosure Statement and Plan contains adequate information

within the meaning of Section 1125(a)(1) as it contains the information necessary to allow Holders

of Claims to make informed decisions as to whether to vote to accept or reject the Combined Disclosure Statement and Plan, including, among other things:

(a)     the events leading to the filing of the Chapter 11 Case;

(b)     a summary of the Chapter 11 Case;

(c)     the Debtor's capital structure;

(d)     the classification and treatment of Claims and Interests under the Combined Disclosure Statement and Plan;

(e)     the Debtor's remaining assets, if any;

(f)     the estimated distribution to the Holders of Allowed Claims;

(g)     certain risk factors that may be considered in connection with the Combined Disclosure Statement and Plan;

(h)     certain federal tax consequences of the Combined Disclosure Statement and Plan;

(i)     an overview of the requirements for Confirmation of the Combined Disclosure Statement and Plan;

(j)     the procedures for voting on the Combined Disclosure Statement and Plan; and

(k)     the means for implementation of the Combined Disclosure Statement and Plan.

33.    The Debtor submits that "adequate information" is contained within the Combined Disclosure Statement and Plan as contemplated by Section 1125(a)(1). The Combined Disclosure Statement and Plan is the product of the Debtor's extensive review and analysis of the Debtor's business, assets and liabilities, the circumstances leading to the Chapter 11 Case, and other significant events occurring during the Chapter 11 Case. In addition, the Combined Disclosure Statement and Plan reflects the Debtor's thorough analysis, including distributions contemplated thereunder, and the effect on Holders of Claims.

34.    Here, the Combined Disclosure Statement and Plan contains ample information necessary for Holders in Voting Classes (as defined below) to make an informed decision with

respect to voting to accept or reject. Specifically, the Combined Disclosure Statement and Plan

contains the following categories of information that courts consider "adequate information":

| | |
|---|---|
| **Introduction and Overview of the Plan** | Article II contains an overview of the Combined Disclosure Statement and Plan. Article V outlines the important critical dates with respect to the Combined Disclosure Statement and Plan. Article IV.II provides a summary of treatment of claims and interests under the Combined Disclosure Statement and Plan. |
| **Debtor's Organizational Structure** | Article II.I.B. contains a description of the Debtor's corporate structure, capital structure and operations. |
| **Events Leading to the Chapter 11 Case** | Article II.I.C. describes certain factors that led to the commencement of the Chapter 11 Case. |
| **Events During the Chapter 11 Case** | Article II.II. describes the major events that have occurred during the Chapter 11 Case. |
| **Summary of Assets** | Article II.I.A. describes the Debtor's assets and liabilities. |
| **Summary of the Plan** | Article VI contains a summary of the structure and means for implementation of the Combined Disclosure Statement and Plan and the classification and treatment of Claims under the Combined Disclosure Statement and Plan. |
| **Statutory Requirements for Confirmation of the Plan** | Articles II.VI., II.VII., and II.VIII. contain the confirmation process and standards. |
| **Certain Risk Factors to be Considered Before Voting** | Article II.VI. sets forth certain risk factors and disclaimers to be considered by Holders of Claims to be considered before voting on the Combined Disclosure Statement and Plan. |
| **Certain United States Federal Income Tax Consequences** | Article II.V. contains a summary of certain U.S. federal income tax consequences of implementation of the Combined Disclosure Statement and Plan to certain Holders of Claims. |
| **Recommendation of the Debtor** | Article XIV contains a recommendation by the Debtor that Holders of Claims in the Voting Classes vote to accept the Plan. |

| | |
|---|---|
| **Liquidation Analysis** | Exhibit A annexed to the Combined Disclosure Statement and Plan contains a liquidation analysis to satisfy the "best interests of creditors" test. |

35.     The Combined Disclosure Statement and Plan summarizes the Debtor's Chapter 11 Case, assets and liabilities, and estimate of distributions to the holders of allowed claims.  The Debtor respectfully submits that the Combined Disclosure Statement and Plan complies with all aspects of Section 1125.  At the hearing on this Motion, the Debtor seeks only conditional approval of the Combined Disclosure Statement and Plan for solicitation purposes, as the Debtor will demonstrate on a final basis at the hearing on the approval of the Combined Disclosure Statement and Plan that the information set forth therein contains adequate information within the meaning of Section 1125. In addition, and for the avoidance of doubt, the information set forth in the Combined Disclosure Statement and Plan is more robust than that contained in the First Amended Combined Disclosure Statement and Plan, to which this Court granted conditional approval through its Initial Interim Approval Order.

**C.     THE REQUEST FOR THE COMBINED HEARING AND HEARING-RELATED DEADLINES.**

   **(i)     The Combined Hearing and Objection and Reply Deadlines**

36.     Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the Court "may fix the date for the hearing on confirmation."  In accordance with this provision, the Debtor requests that the Combined Hearing on approval of the Combined Disclosure Statement and Plan be set for **November 20, 2023 at 11:00 a.m. (*prevailing* Eastern Time)**.  In the interest of orderly procedure, the Debtor further requests that objections to confirmation of the Combined Disclosure Statement and Plan, if any, must: (a) be in writing; (b) state the name and address of each objecting party and the nature of the Claim or Equity Interest of such party; and (c) be filed with the Court and served on the following parties so that they are received no later

than **November 15, 2023 at 4:00 p.m. (*prevailing* Eastern Time)** (the "***Confirmation Objection Deadline***"):

i.     counsel for the Debtor, *Chipman Brown Cicero & Cole, LLP*, Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801 (Attn: William E. Chipman, Jr. chipman@chipmanbrown.com);

ii.    co-counsel for the Debtor, *Bryan Cave Leighton Paisner LLP*, 161 N. Clark Street, Suite 4300, Chicago, Illinois 60602 (Attn: Jason J. DeJonker (Jason.DeJonker@bclplaw.com) and William S. Hackney William.Hackney@bclplaw.com);

iii.   counsel to the DIP Lender, Ray New York LLC c/o of Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, NY 10004 (Attn: Jennifer Rodburg and Andrew Minear, email: Jennifer.Rodburg@friedfrank.com and Andrew.Minear@friedfrank.com);

iv.    counsel to Purchaser 550W21 Owner LLC, c/o Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Christopher Robertson and Eli J. Vonnegut, email: Christopher.robertson@davispolk.com and eli.vonnegut@davispolk.com); and

v.     the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Timothy J. Fox Timothy.Fox@usdoj.gov).

37.    The foregoing requirements are consistent with those set forth in the Initial Approval Motion, which this Court approved in its Initial Interim Approval Order.

38.    The Debtor reserves the right to file a consolidated reply to any such objection no later than **November 17, 2023 at 12:00 p.m. (*prevailing* Eastern Time)**.

(ii)    <b>The Confirmation Hearing Notice and Publication Thereof</b>

39.    By this Motion, the Debtor is providing notice to all creditors and parties in interest of the proposed November 15, 2023 deadline for filing objections to confirmation and the requested November 20, 2023 confirmation hearing date. Those notice periods (approximately 40 and 47 days, respectively) are slightly longer than contemplated by Local Rule 3017-2 (38 and 45 days, respectively). The Debtor has provided ample notice of the Sale Process and related

- 14 -

distributions thereunder, including the provisions therein that must be contained in a plan, to creditors and parties in interest, including but not limited to the four (4) voting classes under the Combined Disclosure Statement and Plan. Further, many components of the Combined Disclosure Statement and Plan and the Sale Process are substantially comparable to the First Amended Combined Disclosure Statement and Plan, and the Sale Process described therein, of which all relevant parties have previously received notice. Accordingly, the modest reductions in time are not material in the context of this Chapter 11 Case, and, moreover, are necessary in order to accommodate the proposed schedule.

40.    Here, the Confirmation Hearing Notice, attached to the Interim Approval and Procedures Order as Exhibit 2, sets forth: (a) the Voting Deadline for the submission of Ballots to accept or reject the Combined Disclosure Statement and Plan; (b) the deadline for filing Rule 3018 Motions; (d) the time, date, and place of the hearing on final approval of the Combined Disclosure Statement and Plan; and (e) instructions for how to obtain copies of the Combined Disclosure Statement and Plan. The form of the Confirmation Hearing Notice is substantially similar to the form of confirmation hearing notice contained in the Initial Approval Motion (other than the dates set forth therein), which this Court approved in its Initial Interim Approval Order.

41.    All parties in interest will be served with the Confirmation Hearing Notice. Additionally, the Debtor proposes to serve the Confirmation Hearing Notice upon: (i) all parties filing a Notice of Appearance and Request for Service pursuant to Bankruptcy Rule 2002 in this Chapter 11 Case, (ii) state and local taxing authorities for jurisdictions in which the Debtor conducted business, (iii) the Internal Revenue Service, (iv) the United States Trustee, and (v) all creditors listed on the Debtor's Schedules and Statements or who have filed a proof of claim. The

Debtor will serve a copy of the Confirmation Hearing Notice upon such parties no later than two (2) business days after entry of the Interim Approval and Procedures Order.

42. Additionally, the Confirmation Hearing Notice may also be obtained (a) at no charge through Stretto, the Debtor's claims noticing agent, at https://cases.stretto.com/540West21st and (b) with charge at https://www.pacer.gov/.

43. The Debtor therefore requests that the Court find that the Confirmation Hearing Notice complies with Bankruptcy Rules 2002(b) and (d). The Debtor further requests that the Court determine that the Confirmation Hearing Notice contains sufficient disclosures regarding the release, exculpation, injunction, and bar provisions of the Combined Disclosure Statement and Plan.

### (iii) Publication Notice

44. Pursuant to Bankruptcy Rule 2002(1), the Debtor requests the Court to authorize, but not direct, the Debtor to publish notice of the Confirmation Hearing Notice (the "***Publication Notice***"), substantially in the form attached to the Interim Approval and Procedures as Exhibit 3. The form of Publication Notice is substantially similar to that contained in the Initial Approval Motion (other than the dates set forth therein), which this Court approved in its Initial Interim Approval Order. The Debtor requests authority to publish the Publication Notice at least seven days prior to the Combined Hearing. The Debtor believes that the Publication Notice will provide sufficient notice to parties who do not receive the Confirmation Hearing Notice by mail.

### (iv) Establishment of Record Date

45. Local Rule 3017-2(d) requires that a proposed order shall contain the establishment of a record date pursuant to Bankruptcy Rule 3017(d) and 3018(a). Bankruptcy Rule 3017(d) provides that the Court may set the date on which a disclosure statement is approved and another

date as the record date for determining which holders of Claims are entitled to receive solicitation materials, including ballots, for voting on a plan of reorganization. The Debtor proposes that the Court establish the date on which the court enters the Interim Approval and Procedures Order as the record date (the "***Voting Record Date***") for purposes of determining which holders of Claims in the Voting Classes are entitled to receive a Ballot to vote to accept or reject the Combined Disclosure Statement and Plan.

**(v)    Establishment of Voting Deadline**

46.    Bankruptcy Rule 3017(c) requires the Court to "fix a time within which the holders of claims and interests may accept or reject the plan."  Further, Local Rule 3017-2(d)(ii), the voting deadline on a combined disclosure statement and plan shall be "not more than ten (10) days prior to the combined hearing."

47.    The Debtor requests that the Court fix **November 15, 2023 at 4:00 p.m. (*prevailing Eastern Time)** (the "***Voting Deadline***") as the deadline by which all Ballots for accepting or rejecting the Combined Disclosure Statement and Plan ***must be received*** by the Claims and Balloting Agent.  The proposed Voting Deadline is not more than ten calendar days before the proposed Combined Hearing.

**(vi)    Temporary Allowance of Claims for Voting Purposes**

48.    Pursuant to Bankruptcy Rule 3018(a), "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."

49.    The Debtor requests that the Court fix (a) **October 27, 2023 at 4:00 p.m. (*prevailing Eastern Time)** (the "***Rule 3018(a) Motion Deadline***") as the deadline for filing and serving such motions pursuant to Bankruptcy Rule 3018(a) ("***Rule 3018(a) Motions***"); and (b) **November 3,**

**2023 at 4:00 p.m. (*prevailing* Eastern Time)** (the "***Rule 3018(a) Objection Deadline***") as the deadline for filing any objection to a Rule 3018(a) Motion.

        D.       <u>The Court Should Approve the Solicitation Procedures</u>

      50.     Consistent with the requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, the Debtor seeks approval of the following procedures to solicit acceptances or rejections of the Combined Disclosure Statement and Plan.

      51.     Under the Combined Disclosure Statement and Plan, Holders of Claims in Classes 2 (First Lien Claims), 3 (DZ Claims), 4 (General Unsecured Trade Claims), and 5 (Disputed Investor Claims) are the Impaired Classes entitled to vote to accept or reject the Combined Disclosure Statement and Plan (together, the "***Voting Classes***").

      52.     Under the Combined Disclosure Statement and Plan, Holders of Claims in Class 1 (Other Secured Claims) are unimpaired, and thus, deemed to accept the Combined Disclosure Statement and Plan and are not entitled to vote.

      53.     Under the Combined Disclosure Statement and Plan, Holders of Interests in Class 6 (Casco Claims), 7 (Intercompany Claims), 8 (Subordinated Claims) and 9 (Equity Interests) are impaired and deemed to reject the Combined Disclosure Statement and Plan (together with the Holders of Claims in Class 1, the "***Non-Voting Classes***").  Therefore, Holders of Interests in the Non-Voting Classes are not entitled to vote on the Combined Disclosure Statement and Plan.

      54.     While the First Amended Combined Disclosure Statement and Plan included Holders of DIP Facility Claims as Class 1, the Combined Disclosure Statement and Plan now proposes to pay Holders of such Claims in full in Cash on the Effective Date. As such, such Claims are no longer classified.

### (i) Contents of the Solicitation Package

55. Bankruptcy Rule 3017 sets forth the materials required to be provided to Holders of Claims and Interests in the Voting Classes. In accordance with Bankruptcy Rule 3017(d), following the entry of the Interim Approval and Procedures Order, the Debtor proposes to distribute, or cause to be distributed, to each Holder of a Claim in the Voting Classes, the Solicitation Package, which shall contain the following materials:

    (a)    the Combined Disclosure Statement and Plan and all other exhibits annexed thereto;

    (b)    the Interim Approval and Procedures Order, excluding the exhibits annexed thereto;

    (c)    the Confirmation Hearing Notice;

    (d)    an appropriate Ballot, including voting instructions and a pre-addressed, postage prepaid return envelope; and

    (e)    such other materials as the Court may direct.

56. Further, consistent with Sections 1126(f) and (g), the Debtor proposes to distribute, or cause to be distributed, by first-class mail to all Holders of Claims and Interests in Non-Voting Classes, a package which contains:

    (a)    a Notice of Non-Voting Status; and

    (b)    the Confirmation Hearing Notice.

57. Such service will be completed no later than two (2) business days after entry of the Interim Approval and Procedures Order.

### (ii) Form of Ballot for Voting Classes

58. In accordance with Bankruptcy Rules 3017(d) and 3018(c), the Debtor proposes to mail the holders of Claims entitled to vote on the Combined Disclosure Statement and Plan, a form ballot attached to the Interim Approval and Procedures Order as <u>Exhibit 1</u> and incorporated herein

by reference (the "***Ballot***"). The Ballot is substantially similar to Official Form No. 314 but has been modified so that it is consistent with specific provisions of the Combined Disclosure Statement and Plan. The form of Ballot is also substantially similar to the form of ballot contained in the Initial Approval Motion, which this Court approved in its Initial Interim Approval Order. The Debtor proposes that the appropriate form of Ballot be distributed to the Voting Classes.

### (iii) Return of Notices of Solicitation Packages

59. Due to the number of Solicitation Packages the Debtor anticipates will be served, some of the Solicitation Packages or other solicitation-related notices may be returned as undeliverable. Because sending Solicitation Packages and other notices to outdated or otherwise improper addresses results in needless expense to the Debtor's Estate, the Debtor requests authority not to provide notice or service of any kind upon any Person to whom the Debtor mailed a notice of the meeting of creditors under Section 341 or mailed a solicitation package as contemplated in the Initial Approval Motion, and received such notice returned by the United States Postal Service marked "undeliverable as addressed," "moved—left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtor has been informed in writing by such Person of that Person's new address.

60. The Debtor submits that the foregoing procedures regarding the provision of notice of the Combined Hearing and related matters comply with Bankruptcy Rules 2001 and 3017. The foregoing procedures are also substantially similar to those set forth in the Initial Approval Motion, which this Court approved in its Initial Interim Approval Order. Accordingly, the Debtor requests that the Court approve the above-described notice as good and sufficient in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

### (iv)    Non-Substantive or Immaterial Modifications

61.    While the Debtor has endeavored to ensure that all documents contained within the Solicitation Packages are in their final form, the Debtor reserves its right to make non-substantive or immaterial changes to the Combined Disclosure Statement and Plan and related documents without further order of the Court, including, but not limited to: changes to correct typographical and grammatical errors, and to make conforming changes among the Combined Disclosure Statement and Plan and any other materials comprising the Solicitation Packages.

### E.    The Court Should Approve the Voting and Tabulation Procedures

### (i)    The Voting Procedures

62.    Section 1126(c) provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

63.    The Debtor proposes that only the following Holders of Claims in the Voting Classes be entitled to vote with regard to such Claims:

(a)    Holders of Claims who have filed a timely Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date, and (ii) is not the subject of a pending objection, other than a "reduce and allow" objection.  A Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further Order of the Court.

(b)    Holders of Claims who are listed in the Schedules, provided that such Claim is not scheduled as contingent, disputed, or unliquidated;

(c)    Holders of Claims temporarily allowed to vote on the Combined Disclosure Statement and Plan pursuant to Bankruptcy Rule 3018(a);

(d)    Holders of Claims whose Claims are in an amount agreed upon by the Debtor evidenced in a document filed with the Court, in an Order entered by the Court,

or otherwise memorialized document pursuant to authority granted by the Court; and

(e)     the assignee of any Claim that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (a) through (d) above; provided that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e).

### (ii)     The Tabulation Procedures

64.     The Debtor proposes that the following Ballots will not be counted or considered:

(a)     any Ballot received after the Voting Deadline, unless the Court grants an extension to the Voting Deadline with respect to such Ballot;

(b)     any Ballot that is illegible or contains insufficient information;

(c)     any Ballot cast by a Person or Entity that does not hold a Claim in the Class that is entitled to vote to accept or reject the Combined Disclosure Statement and Plan;

(d)     any Ballot for cast for a Claim designated as unliquidated, contingent, or disputed or as zero (0) or unknown in amount and for which no Rule 3018(a) motion has been filed by the Rule 3018(a) motion deadline;

(e)     any Ballot timely received that is cast in a manner that indicates neither acceptance nor rejection of the Combined Disclosure Statement and Plan or that indicates both acceptance and rejection of the Combined Disclosure Statement and Plan;

(f)     simultaneous duplicative Ballots voted inconsistently;

(g)     Ballots partially rejecting and partially accepting the Combined Disclosure Statement and Plan;

(h)     any Ballot received other than the official form sent by the Claims and Balloting Agent;

(i)     any unsigned ballot; or

(j)     any ballot that is submitted by facsimile.

65.     The Debtor also proposes to use the following Tabulation Procedures:

(a)     For purposes of the numerosity and amount requirements of Section 1126(c), to the extent that it is possible to do so for the Voting Class, separate Claims held by a single Creditor against the Debtor within the same Voting Class will be aggregated as if such Creditor held a single Claim against the Debtor in such

Voting Class, and the votes related to those Claims shall be treated as a single vote on the Combined Disclosure Statement and Plan.

(b)     The method of delivery of Ballots to be sent to the Claims and Balloting Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Claims and Balloting Agent actually receives the original executed Ballot. Delivery of a Ballot by electronic mail is valid.[4]

(c)     If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect such Holder's intent and will supersede and revoke any prior Ballot.

(d)     If a Proof of Claim contains any amount that is either or both contingent or unliquidated, as determined by the Debtor in its reasonable discretion, then any vote cast on account of such Claim shall only be tabulated with respect to the non-contingent and liquidated amount set forth in the Proof of Claim, as determined by the Debtor in its reasonable discretion, or $1.00 if no portion of the Claim is determined to be non-contingent and liquidated.

(e)     Creditors with multiple Claims within the Voting Class must vote all such Claims in the Voting Class to either accept or reject the Combined Disclosure Statement and Plan and may not split their vote(s).

(f)     In the event a Claim is transferred after the transferor has executed and submitted a Ballot to the Claims and Ballot Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date.

(g)     Unless otherwise provided, any party who has delivered a valid Ballot for the acceptance or rejection of the Combined Disclosure Statement and Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Claims and Ballot Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (a) contain the description of the Claim(s) to which it relates and the aggregate principal amount represented by such Claim(s); (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn; and (c) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn. The Debtor intends to consult with the Claims and Ballot Agent to determine whether any withdrawals of Ballots were received and whether the requisite acceptances of the Plan have been received.

---

[4]     For any Ballot cast *via* electronic mail, the format of the attachment must be found in the common workplace and industry standard format (*i.e.*, industry-standard PDF file) and the received date and time in the Claims and Balloting Agent's inbox will be used as the timestamp for receipt.

The Debtor expressly reserves the right to contest the validity of any such withdrawals of Ballots.

(h)     A person signing a Ballot in his or her capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of a Claim must indicate such capacity when signing.

(i)     Neither the Debtor, nor any other Entity, will be under a duty to provide notification of defects or irregularities with respect to delivered Ballots, other than as provided in the Voting Report, nor will any of them incur liability for failure to provide such notification.

(j)     Unless waived by the Debtor or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline, or such Ballots will not be counted.

(k)     The Claims and Ballot Agent will date and time stamp all Ballots when received. The Claims and Ballot Agent shall retain the original Ballots and electronic copy of the same for a period of one year after the Effective Date, unless otherwise ordered by the Court.

66.     The foregoing Tabulation Procedures are substantially similar to those set forth in the Initial Approval Motion, which this Court approved in its Initial Interim Approval Order.

67.     The Debtor requests authority to waive any of the above-specified requirements for completion and submission of Ballots, so long as such required is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules.

### (iii)     The Voting Report

68.     The Debtor proposes that the Claims and Ballot Agent file its report (the "***Voting Report***") on or before 4:00 p.m. on **November 17, 2023**. The Voting Report will contain, among other things: (a) the voting results on a consolidated basis; (b) a certification of the amount and number of Allowed Claims in each Class accepting or rejecting the Combined Disclosure Statement and Plan; and (c) a delineation of every Ballot which does not conform to the voting instructions.

4894-3315-1109, v. 1

## NOTICE

69.     Notice of this Motion will be provided the following parties, or to their counsel: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtor's twenty largest unsecured creditors, as identified in its Chapter 11 petition; (c) counsel to Ray New York, LLC; (d) counsel to 550W21 Owner LLC; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## PRIOR REQUEST

70.     As set forth above, the Debtor requested similar relief in its Initial Approval Motion with respect to its *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of 540 West 21st Street Holdings LLC*, included in the Initial Approval Motion, and the First Amended Combined Disclosure Statement and Plan, which this Court granted in its Initial Interim Approval Order.

4894-3315-1109, v. 1

**WHEREFORE**, for the reasons stated herein, the Debtor respectfully requests that the Court enter the Interim Approval and Procedures Order substantially in the form attached hereto as Exhibit A, the form of which is substantially similar to that set forth in the Initial Approval Motion, which this Court approved in its Initial Interim Approval Order, grant the relief requested in this Motion, and grant such other relief as the Court deems just and proper.

Dated:    October 6, 2023
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

/s/ William E. Chipman, Jr.
William E. Chipman, Jr. (No. 3818)
1313 N. Market Street, Suite 5400
Wilmington, DE 19801
Telephone:    (302) 295-0193
Facsimile:    (302) 295-0199
Email:    Chipman@ChipmanBrown.com

-and-

**BRYAN CAVE LEIGHTON PAISNER LLP**
Jason J. DeJonker (Admitted *pro hac vice*)
William S. Hackney (Admitted *pro hac vice*)
161 N. Clark Street, Suite 4300
Chicago, IL 60602
Telephone:    (312) 602-5000
Facsimile:    (312) 602-5050
Email:    jason.dejonker@bclplaw.com
            william.hackney@bclplaw.com

*Co-Counsel to the Debtor and Debtor-in-Possession*