B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __540 West 21st Street Holdings LLC__
Debtor

Case No. __23-11053 (MFW)__

Chapter __11__

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: __RAY NEW YORK LLC__
*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Definitions, Instructions and Document Requests.

| PLACE | DATE AND TIME |
|---|---|
| Benesch Friedlander Coplan & Aronoff LLP 1313 North Market Street, Suite 1201, Wilmington, DE, 19801-6101 | December 5, 2023 at 4:00 p.m. |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __Nov. 20, 2023__

CLERK OF COURT

OR

_____          __/s/ Daniel N. Brogan__
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Daniel N. Brogan__, who issues or requests this subpoena, are: Benesch Friedlander Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, DE, 19801-6101, dbrogan@beneschlaw.com, 302.299.1571

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

 I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| 540 WEST 21ST STREET HOLDINGS LLC, | Case No. 23-11053 (MFW) |
| Debtor.[1] | |

## SUBPOENA FOR DOCUMENTS IN A CONTESTED MATTER
## TO RAY NEW YORK LLC

## DEFINITIONS

1. "**Chapter 11 Case**" shall mean the above-referenced bankruptcy case number 23-11053 (MFW).

2. "**Claimant**" shall mean Yarden Tadmor, individually and as trustee for the heirs of Eran Tadmor.

3. "**Claims**" shall mean proofs of claim numbers 16 and 17 filed by Claimant in the Chapter 11 Case.

4. "**Communication**" shall mean any oral statement, dialogue, colloquy, discussion, correspondence or conversation, and also means any transfer of thoughts or ideas between persons by means of Documents, and includes any transfer of data from one location to another by electronic or similar means. Requests for Communications also include a request for all Documents concerning such Communications.

5. "**Contested Matter**" shall mean the Motion for Entry of an Order Estimating Non-Debtor Investor Claims for Voting Purposes [D.I. 171] filed in the Chapter 11 Case and any

---

[1] The Debtor is the following entity (the last four digits of its taxpayer identification number follows in parentheses):540 West 21st Street Holdings LLC (1133). The Debtor's noticing address in this Chapter 11 Case is c/o Bryan Cave Leighton Paisner LLP, Attn: Andrew E. Auerbach, 1290 Avenue of the Americas, New York, NY 10104-3300.

objection filed by Debtor to either of the Claims (whether filed before, on or after the date of this Subpoena).

6. "**Debtor**" means 540 West 21st Street Holdings LLC.

7. "**Document**" shall be synonymous in meaning and equal in scope to the usage of such term in Federal Rule of Civil Procedure 34(a) and is intended to have the broadest meaning possible and includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium (including electronically stored information) from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form.

8. "**Gutkind Proceedings**" shall mean the adversary proceeding number 23-50490 commenced by Dr. Gutkind in the Chapter 11 Case.

9. "**Loan**" shall mean any obligation of Debtor to Ray New York, including pursuant to that certain Promissory Note dated December 22, 2015 in the original principal amount of $20,000,000 governed by that certain Loan Agreement of the same date, by and among Debtor, as borrower, and Bank Hapoalim B.M.as lender, including all agreements, notes, instruments, and any other documents delivered pursuant thereto or in connection therewith, as amended, supplemented, restated, or otherwise modified.

10. The "**Project**" shall mean the development of a mix-use building on the Property.

11. The "**Property**" shall mean real property located at located at 540 West 21st Street, New York, New York 10011.

12. "**Ray New York**" shall mean Ray New York LLC.

13. "**Requests**" shall mean the Request for Documents listed below.

14. "**You**" and "**your**" shall refer to Ray New York.

15. The words "**all**," "**each**" and "**any**" shall be construed to mean all and each and every.

16. The words "**and**" and "**or**" shall be read in both the conjunctive and disjunctive and shall serve as a request for information and documents that would be responsive under a conjunctive reading in addition to all information and documents that would be responsive under a disjunctive reading.

17. The word "**including**" shall be construed to mean including without limitation.

18. The word "**person**" shall mean any person and includes natural person, corporations, partnerships, associations, joint ventures, firms and other enterprises or legal entities, and includes both the singular and plural, the masculine and the feminine.

19. The words "**relate**," "**relating**," "**concern**" or "**concerning**" shall have the broadest meaning possible and shall mean directly or indirectly, in whole or in part, alluding to, responding to, with respect to, pertaining to, reporting on, referring to, describing, mentioning, evidencing, reflecting or constituting, commenting on, consisting of, in connection with, or otherwise having a connection to the subject matter of the Requests.

20. The word "**representative**" shall mean with respect to a specified person, any other person who is acting or purporting to act on behalf of such specified person, for example, as the specified person's agent, employee, representative or otherwise.

## **INSTRUCTIONS**

1. In construing the definitions, instructions or document requests: (i) the singular shall include the plural and the plural shall include the singular; and (ii) the masculine, feminine, or neutral pronoun shall not exclude the other genders.

2. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as required by the context to elicit all information discoverable within the broadest scope of the following requests.

3. If you object that a term or phrase is vague, ambiguous, or indefinite, then provide your understanding of the term or phrase and respond accordingly.

4. If, after conducting a reasonable investigation, all information requested cannot be provided for any Request, state that such is the case and provide information to the fullest extent possible, stating what responsive information cannot be provided, the reason such information is unavailable, the efforts made to obtain the unavailable information, and the person or persons who last had such information and, if not currently under your possession, custody, or control, the persons or entities that may currently possess such information.

5. If information is unavailable because a Document has been lost, discarded, transferred to another entity or destroyed, identify that Document as completely as possible and describe the reason for and the manner in which the Document was lost, discarded, destroyed or transferred, the date or dates, or approximate date or dates, on which the Document was lost, discarded, destroyed or transferred, and any person(s) authorizing such activity and any person(s) who actually lost, discarded, destroyed, or transferred the Document(s).

6. If you have any good faith objections to any Requests or part thereof, the specific nature of the objection and whether it applies to the entire Request or to a part of the Request should be stated. If there is an objection to any part of the Requests, then the part objected to should be identified and Documents responsive to the remaining part should be produced.

7. If you withhold information on the grounds of attorney-client privilege or work product immunity, or any other privilege or immunity, you must identify the nature of the privilege

that is being claimed. As to the information requested, you must indicate whether any such documents exist and if so, must identify the following:

  (a)  a list of all such non-produced documents;

  (b)  the date of the document;

  (c)  the type of document (*e.g.*, letter or memorandum);

  (d)  the name and title of each person who signed, prepared, or sent the Document;

  (e)  the name of each addressee and person to whom the Document or copies thereof were given, shown, or sent;

  (f)  a description of the general subject matter of the Document;

  (g)  the identification of any Document or other material transmitted with or attached to the Document; and

  (h)  a statement of the basis upon which the Document has been redacted or withheld, including the specific nature of the privilege or immunity claimed and the grounds for claiming such privilege or immunity.

## REQUEST FOR DOCUMENTS

**Document Request No. 1:** All Documents evidencing the Loan or otherwise showing any obligation of Debtor to Ray New York, including any such Documents held by Ray New York as successor to Bank Hapoalim B.M.

**Document Request No. 2:** Documents sufficient to show the calculation of all amounts owed by Debtor to Ray New York pursuant to the Loan or otherwise, including the calculation of principal, interest, penalties and fees, including an itemization of fees incurred, including any such Documents held by Ray New York as successor to Bank Hapoalim B.M.

**Document Request No. 3:** Documents sufficient to show all payments made by Debtor on account of the Loan or any other obligation of Debtor to Ray New York, including records of transactions (including wire confirmations and copies of cancelled checks), including any such Documents held by Ray New York as successor to Bank Hapoalim B.M.

**Document Request No. 4:** Documents sufficient to show all amounts advanced to or otherwise paid to or on behalf of Debtor in connection with the Loan or any other obligation of Debtor to Ray New York, including records of transactions (including wire confirmations and copies of cancelled checks), including any such Documents held by Ray New York as successor to Bank Hapoalim B.M.

**Document Request No. 5:** All Documents and Communications between and among Debtor (or any of Debtor's representatives) and Ray New York (or any representative of Ray New York) concerning the Loan or any other obligation of Debtor to Ray New York.

**Document Request No. 6:** All Documents and Communications between and among Debtor (or any of Debtor's representatives) and Ray New York (or any representative of Ray New York) concerning the Project.

**Document Request No. 7:** All Documents and Communications between and among Debtor (or any of Debtor's representatives) and Ray New York (or any representative of Ray New York) concerning any plan of liquidation or reorganization filed or to be filed by Debtor in the Chapter 11 Case.

**Document Request No. 8:** All Documents and Communications showing any agreement between Ray New York and any other person to pay any portion of any amount recovered by Ray New York on account of the Loan to any other person.

**Document Request No. 9:** Documents sufficient to show any payment by Ray New

York to any person related to the Loan.

**Document Request No. 10:** Copies of all governing Documents relating to Ray New York including, without limitation, any Certificate/Articles of Organization, Operating Agreement, and/or bylaws, and any amendments thereto.

**Document Request No. 11:** Documents sufficient to show the ownership structure of Ray New York from its inception to the present.

**Document Request No. 12:** Documents sufficient to identify all owners, members, managers, directors and/or officers of Ray New York from its inception to present, and Documents relating to any changes in the owners, members, managers, directors and/or officers.

**Document Request No. 13:** All Documents and Communications concerning the Loan between or among Ray New York (or any of Ray New York's representatives) and Bank Hapoalim B.M. (or any representatives of Bank Hapoalim B.M.), including any payments made by Ray New York to Bank Hapoalim B.M. concerning the Loan.

**Document Request No. 14:** All Documents and Communications concerning the Loan or the Project between or among Ray New York (or any of Ray New York's representatives) and any of the following persons (or any representatives of any of the following persons): West 21st Street Member LLC; West 21st Street Investment Member LLC; 540 West 21st Development LLC; 540 West 21st Street LLC; 540 West 21st Street Investments III LLC; Casco Development Corp.; 540 West 21st Street Investments II LLC; 540 West 21st New General LLC; NuCapital Management Inc.; Uri Chaitchik; Noam Teltch.

**Document Request No. 15:** All Documents and Communications concerning the Loan or the Project between or among Ray New York (or any of Ray New York's representatives) and any of the following persons (or any representatives of any of the following persons) identified on

Debtor's Schedules [D.I. 162] in the Chapter 11 Case: Ambarfeld Limited; Doron Levi (Doron Levy); APM Law (Amit, Pollak, Matalon & Co.); Great Feat Limited (Great Feats Ltd.); Icy Face Limited; Yaron Hari-Zvi (Yaron Har-Zvi); Chen Shein.

**Document Request No. 16:** All Documents and Communications concerning the Loan or the Project between or among Ray New York (or any of Ray New York's representatives) and any of the following persons (or any representatives of any of the following persons) identified in the Investor and Shareholders Agreement Relating to Great Feats Limited (and exhibits thereto) attached as Exhibit 1 to the Claims: Icaza, Gonzalez-Ruiz & Aleman (BVI) Limited; Icaza, Gonzalez-Ruiz & Aleman (Panama); Golden Drache Limited; Salamander Associates Limited; Salamander Nominees Limited; Idelton Finance Limited; Leonard O'Brien; SHRM Trustees (BVI) Limited; Lansing Finance Corp.; Sage Capital.

**Document Request No. 17:** All Documents and Communications produced by you in the Gutkind Proceedings.