## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | )   Chapter 11 |
| 540 WEST 21ST STREET HOLDINGS LLC,[1] | ) |
| | )   Case No. 23-11053 (MFW) |
| Debtor. | ) |
| | )   **Related Docket Nos. 307 and 315** |
| | ) |

## DEBTOR'S RESPONSE TO OBJECTION OF YARDEN TADMOR TO DEBTOR'S MOTION FOR ORDER APPROVING ADEQUACY OF DISCLOSURES IN THIRD AMENDED COMBINED DISCLOSURE STATEMENT AND PLAN ON INTERIM BASIS AND FOR OTHER RELIEF

Now comes 540 West 21st Street Holdings, LLC (the "Debtor"), by and through its counsel, and for its Response (the "Response") to the *Objection of Yarden Tadmor to Debtor's Motion for Order (I) Approving Adequacy of Disclosures in Third Amended Combined Disclosure Statement and Plan on Interim Basis, (II) Scheduling Confirmation Hearing and Objection Deadline, (III) Establishing Procedures for Solicitation and Tabulation of Votes, (IV) Approving Form of Ballot and Solicitation Package, and (V) Approving Notice* [Docket No. 315] (the "Objection"), states as follows:

1.      The Objection is based around Yarden Tadmor's ("Mr. Tadmor") belief that the Debtor's Third Amended Combined Disclosure Statement and Plan (the "Disclosure Statement and Plan") fails to adequately disclose: (a) benefits and connections to alleged insiders of the Debtor, (b) the marketing and proposed sale process for the real estate at issue in the case, and (c) alleged connections between the Debtor and an entity called Great Feats.

---

[1]      The Debtor is the following entity (the last four digits of its taxpayer identification number follows in parentheses): 540 West 21st Street Holdings LLC (1133). The Debtor's noticing address in this Chapter 11 case is c/o Bryan Cave Leighton Paisner LLP, Attn: Andrew E. Auerbach 1290 Avenue of the Americas, New York, NY 10104-3300.

2.     The Debtor asserts that adequate disclosures on the first two of these issues are included in the Disclosure Statement and Plan and no disclosure is needed as to the third issue.

3.     As to the first two issues, the Disclosure Statement and Plan is replete with disclosures on the Debtor's insiders and the releases and other potential benefits to those insiders. Article II of the Disclosure Statement and Plan contains 15 pages discussing the Debtor's creation, management and control, capital structure, dealings with creditors, the chapter 11 case in general, distributions contemplated (including the disclosure that the Debtor's management company will receive no distributions), and the releases that are contemplated under the Disclosure Statement and Plan. Article XI of the Disclosure Statement and Plan contains a detailed description of the releases to be given by and to the Debtor and other parties.

4.     Similarly, Article II of the Disclosure Statement and Plan discusses the Debtor's pre-petition marketing efforts and use of Jones Lang LaSalle Americas, Inc. to do so. The sale process of the real estate is the entire point of the Disclosure Statement and Plan. Regardless, in an effort to address some of Mr. Tadmor's concerns, the Debtor has added some additional disclosures in the Disclosure Statement and Plan (the "Revised Disclosure Statement and Plan"). *See Notice of Filing of Revised Third Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of 540 West 21st Street Holdings LLC* [Docket No. 320].

5.     As to the third issue, there are no substantive connections between the Debtor and Great Feats. The unsubstantiated claim made by Mr. Tadmor that Mr. Teltch "ultimately controls" Great Feats is false, unsupportable and made simply to delay the confirmation and sale process.

6.     The Revised Disclosure Statement and Plan contains all of the information required by 11 U.S.C. §1125(a). None of the personal attacks or speculation alleged in the Objection is information or disclosure necessary to ensure any relevant class can make an informed judgment

4880-1982-5057, v. 2

about the plan.  In fact, each impaired voting class has had a chance to review and comment on the Revised Disclosure Statement and Plan and have agreed to the final form of the Revised Disclosure Statement and Plan.  Mr. Tadmor is the only party that has raised any issues with the disclosures contained therein.

7.      In further response, on Thursday, January 25, 2024, after digesting the Objection and its contents, the Debtor sent a word version of the Disclosure Statement and Plan to Mr. Tadmor's counsel and asked for their specific input on disclosures Mr. Tadmor would like to see inserted.  Since that time, Mr. Tadmor has refused to offer any specific language which he would like inserted into the Disclosure Statement and Plan.

8.      Finally, under the terms of the Disclosure Statement and Plan (and the Revised Disclosure Statement and Plan), an amount of cash from the proceeds of the sale of the real estate at issue here will be reserved and set aside to pay Mr. Tadmor's claims **in full** should the Court eventually find the claims valid.  This so-called reserve fund is specifically contemplated in sections 6.3 and 6.4 of the Disclosure Statement and Plan (and the Revised Disclosure Statement and Plan), should assuage any concerns that Mr. Tadmor has about the Revised Disclosure Statement and Plan.

9.      All of the Debtor's impaired and voting creditors, except Mr. Tadmor, have signed off on the form of the Revised Disclosure Statement and Plan.  Mr. Tadmor's refusal to provide any additional language that he would like included in the Revised Disclosure Statement and Plan speaks volumes as to the validity of the Objection.

Wherefore, 540 West 21st Street Holdings, LLC respectfully requests that the Objection be overruled, and that the Debtor's Revised Disclosure Statement and Plan be approved for solicitation purposes.

4880-1982-5057, v. 2

Dated: January 30, 2024
      Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ William E. Chipman, Jr.*

William E. Chipman, Jr. (No. 3818)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0193
Facsimile:     (302) 295-0199
Email: Chipman@ChipmanBrown.com

    -and-

**BRYAN CAVE LEIGHTON PAISNER LLP**
William S. Hackney (Admitted *pro hac vice*)
161 N. Clark Street, Suite 4300
Chicago, IL 60602
Telephone:    (312) 602-5000
Facsimile:     (312) 602-5050
Email: william.hackney@bclplaw.com

*Counsel for the Debtor*

4880-1982-5057, v. 2