# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| 540 WEST 21ST STREET HOLDINGS LLC,[1] | Case No. 23-11053 (MFW) |
| Debtor. | |

**JOINDER TO AND RESPONSE IN SUPPORT OF THE DEBTOR'S RESPONSE OF RAY NEW YORK, LLC TO OBJECTION OF YARDEN TADMOR TO DEBTOR'S MOTION FOR ORDER (I) APPROVING ADEQUACY OF DISCLOSURES IN THIRD AMENDED COMBINED DISCLOSURE STATEMENT AND PLAN ON INTERIM BASIS, (II) SCHEDULING CONFIRMATION HEARING AND OBJECTION DEADLINE, (III) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES, (IV) APPROVING FORM OF BALLOT AND SOLICITATION PACKAGE, AND (V) APPROVING NOTICE**

Ray New York, LLC ("Ray New York" or the "Secured Lender"), submits this joinder to and response in support of the Debtor's response (this "Response") to the *Objection of Yarden Tadmor to Debtor's motion for Order (I) Approving Adequacy of Disclosures in Third Amended Combined Disclosure Statement and Plan on Interim Basis, (II) Scheduling Confirmation Hearing and Objection Deadline, (III) Establishing Procedures for Solicitation and Tabulation of Votes, (IV) Approving Form of Ballot and Solicitation Package, and (V) Approving Notice* [Docket No. 315][2] (the "Objection"). In support of this Response, Ray New York respectfully states as follows:

## PRELIMINARY STATEMENT

1. By his Objection, Yarden Tadmor ("Tadmor") is asking the Court to deny approval of the Third Amended Combined Disclosure Statement and Plan (the "Disclosure Statement and

---

[1] The Debtor is the following entity (the last four digits of its taxpayer identification number follows in parentheses): 540 West 21st Street Holdings LLC (1133). The Debtor's noticing address in this Chapter 11 Case is c/o Bryan Cave Leighton Paisner LLP, Attn: Andrew E. Auerbach, 1290 Avenue of the Americas, New York, NY 10104-3300.

[2] Capitalized terms used but not otherwise defined in this Response have the meaning attributed to them in the Objection.

Plan"). As detailed below, Ray New York has no issue with the disclosures Tadmor is requesting. In fact, Ray New York understands that the Debtor has offered to allow Tadmor's counsel to include such disclosures in the Disclosure Statement and Plan, and would have so included if Tadmor's counsel had raised any disclosure issues prior to filing the Objection. As the Court is aware, this is common practice in bankruptcy cases. However, Ray New York understands that Tadmor's counsel declined the Debtor's offer and renewed Tadmor's unsubstantiated attacks on the adequacy and veracity of the Debtor's disclosures in the Disclosure Statement and Plan. Consequently, the Debtor is compelled to rest on its own disclosures, which for the reasons discussed herein, are more than adequate for purposes of voting on the Disclosure Statement and Plan.

2. Before addressing the individual disclosure issues raised by the Objection, it is important to note the context and dynamics of this case and how the information contained in the Disclosure Statement and Plan relates to the case and the Plan. *See* 11 U.S.C. § 1125(a) (adequate information means "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records … that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information").

3. Other than Tadmor, all impaired creditors under the Plan have executed a Restructuring Support Agreement to support the Disclosure Statement and Plan and vote in favor

of the Plan. Further, all general unsecured trade creditors are unimpaired by the Disclosure Statement and Plan. Indeed, even Tadmor is unimpaired by the Disclosure Statement and Plan because it provides for a reserve in the full amount of Tadmor's alleged and disputed claim, which will be available to Tadmor to the extent the Tadmor's claims are allowed.

4. While Ray New York addresses certain of the points in the Objection in turn, it also notes that the Objection and Tadmor's other pleadings in this case, focus primarily on suggesting that the Debtor, its advisors and the Secured Lender are engaged in some type of under-handed self-dealing transaction. The truth is the opposite. The truth is, under the terms of the proposed Disclosure Statement and Plan, which as stated above reflects the terms of a hard-fought comprehensive settlement among the Debtor's largest creditors, all non-consenting creditors receive a full recovery.

5. Further, to be clear, there is no evidence in the record or in Tadmor's pleadings that the Secured Lender engaged in any self-dealing or inappropriate conduct or transaction. Indeed, as set forth in the Disclosure Statement and Plan, the Secured Lender purchased the secured debt to avoid a foreclosure by the original secured lender on the Property. If the original secured lender had foreclosed, no creditor in this case would have received any recovery. Instead, the current Secured Lender has agreed to carve out a substantial amount of its recovery for other unsecured creditors, including Tadmor.

6. Importantly, in response to repeated but unsubstantiated allegations regarding the insider nature of the Debtor's case, the Debtor and the settling creditors, including the Secured

Lender, have expended great effort to provide substantial disclosures beyond what is required to evaluate the Disclosure Statement and Plan for voting purposes.

7. Given the circumstances of the Debtor's case, the terms of the Disclosure Statement and Plan and the robust disclosures contained in, nothing in the Objection warrants denial of approval of the disclosure in the Disclosure Statement and Plan.

**RESPONSE**

8. This Response is limited to the Objection's arguments that related to the Secured Lender, which include (i) disclosures concerning the Secured Lender's relationship with the Debtor, (ii) the lack of disclosure of the Guaranty, and (iii) the disclosures concerning the Purchaser.

**I.  The Disclosure Statement Provides Adequate Disclosures Concerning Insiders In this Case.**

9. Tadmor asserts that the Disclosure Statement and Plan provides insufficient disclosure regarding insiders, specifically relating Ray New York, Mr. Chaitchik, and Mr. Teltch, with the Debtor. *See* Objection ¶ 10, [Docket No. 315]. Additionally, Tadmor asserts that the Debtor has failed to disclose Counsel's connections with insiders and affiliates of the Debtor, arguing that the Debtor "fails to disclose Fried Frank's connection with the Debtor with respect to the High Line Transfer Corridor Development Rights Purchase and Sale Agreement." Objection ¶ 17, [Docket No. 315]. Both of these allegations are addressed in turn.

10. The Disclosure Statement and Plan expressly discloses that Ray New York, LLC, is "an entity that is owned by the father-in-law of the Minority Casco Owner [defined as Uri Chaitchik]." Disclosure Statement and Plan p. 18 [Docket No. 306]. This disclosure is sufficient to put all parties-in-interest on notice of the relationship between the principals of the Debtor and the Secured Lender.

11. The Disclosure Statement and Plan provides adequate notice of Fried, Frank, Harris, Shriver & Jacobson LLP's ("Fried Frank") past representation of the Debtor's affiliates. The Disclosure Statement and Plan notes that "Fried Frank had previously represented Casco in certain real estate related litigation and in connection with the Debtor's Operating Agreement, as it relates to zoning matters and the negotiation over air rights and space in the developed Property." Disclosure Statement and Plan p. 19 [Docket No. 306]. The Objection cites two specific instances that Fried Frank represented non-Debtor affiliates, however, each of those instances are either "real estate related litigation" or "zoning matters and the negotiation over air rights", which as noted above are disclosed in the Disclosure Statement and Plan. Therefore, the Disclosure Statement and Plan provides adequate disclosure concerning Fried Frank's prior representations as are relevant to the Disclosure Statement and Plan.

12. Notwithstanding the foregoing, the Secured Lender has no objection to Tadmor's request to provide additional disclosures.

II. **The Disclosure Statement and Plan Provides Adequate Disclosures concerning Mr. Chaitchik's and Mr. Teltch's Guaranty of the Ray New York Loan.**

13. The Objection asserts that the Debtor should disclose the guaranty from Mr. Chaitchik and Mr. Teltch. While the Secured Lender has no objection to including this disclosure, the Secured Lender does not view it is necessary for a creditor to evaluate and make an informed judgment about the Disclosure Statement and Plan. The Secured Lender has no obligation to pursue a guarantor in lieu of the collateral securing its loan. Further, as discussed above, creditors recoveries would not be impacted by such disclosure because all impaired classes other than Tadmor have consented to the Disclosure Statement and Plan, and Tadmor's claims have the benefit of a cash reserve in the full amount of such claims.

### III. The Debtor's and its Insiders' and Affiliates' Connections with the Purchaser are Adequately Disclosed.

14. Tadmor argues that the Debtor should be required to make disclosures as to whether the Debtor, its insiders, its affiliates, or any direct or indirect holder of the Debtor has any connection with the Purchaser. As outlined in the Disclosure Statement and Plan, the Purchaser was identified as the party who provided the highest and best offer for the Property among all others marketed through an arm's length transaction, facilitated by a professional agent. Based on information and belief, the Debtor has made no disclosures concerning connections with the Purchaser because there are no connections to disclose.

### **CONCLUSION**

Notwithstanding the arguments herein, Ray New York has no objection to amending the Disclosure Statement and Plan to include such disclosures as Mr. Tadmor deems appropriate to the extent they are accurate or expressly note allegations or beliefs.

Dated: Wilmington, Delaware
January 30, 2024

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ *James O'Neill*
    James O'Neill

James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: joneill@pszjlaw.com

and

Jennifer L. Rodburg, Esq.
Andrew M. Minear, Esq.
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
Email: Jennifer.Rodburg@friedfrank.com
Andrew.Minear@friedfrank.com

*Attorneys for Ray New York, LLC*